Love, Superintendent of Banks, *v.* Lewis.*

[106 So. 358.    No. 25289.]

(Division B.    Dec. 14, 1925.)

1. Banks and Banking. *Debtor to insolvent bank may offset debt with deposit.*

There being nothing to the contrary in state banking laws, a debtor to an insolvent bank, liquidating under such laws, may offset his debt to it with the deposit due him by it when it became insolvent.

2. Banks and Banking. *Claimed overdraft may be shown false.*
   One sued as debtor, on the ground of overdraft of an insolvent
   bank in course of liquidation, may show that the charge is false
   and that he is not so indebted.

*Headnotes 1. Banks and Banking, 7 C. J., Section 537; 2. Banks and
Banking, 7 C. J., Section 507 (Anno).

Appeal from chancery court of Amite county.

Hon. R. W. Cutrer, Chancellor.

Suit by J. S. Love, Superintendent of Banks, against
H. L. Lewis. Decree for defendant, and complainant appeals. Affirmed.

*Tucker & Tucker,* for appellant.

The court erred in allowing any set-off against the defendant's note. The note in question is part of the assets of the bank and belongs to depositors and established creditors of the Bank of Centreville. See section 36, chapter 124, Laws of 1914.

If the appellee is allowed to set-off deposits not shown by the bank's books against assets of the bank, he is participating in funds not allowed a common creditor and he is being made a preferred creditor not contemplated in the insolvent proceedings of a state guaranteed bank. *Anderson* v. *Baskin et al.,* 114 Miss. 81.

It is the duty of the officer in charge of the insolvent bank to collect the assets and pay dividends. The note of the appellee due the bank is an asset, the overdraft is also an asset. If the note is subject to an offset of a balance of deposit in the bank at the time its doors closed, then the appellee is a preferred depositor to the extent of such balance, has his claim paid in full and will not have to wait some five or six years until there is sufficient money paid into the banking department to meet the claims of depositors. It may be that a bank would have no assets, as all its deposits could be offset on notes, and the creditors other than depositors, would enjoy no dividends nor be allowed any check on the treasury, not

being depositors. *Thomas, State Bank Examiner, etc.* v. *Marine Bank and Trust Co.*, 101 So. 315; *Anderson* v. *Baskin et al.*, 114 Miss. 81; *Prudential Realty Co.* v. *Allen*, 241 Mass. 277.

*C. T. Gordon*, for appellee.

The question is whether or not the rule of law allowing a set-off, or credit to the depositor to the amount of his deposit with the bank on his note due to the bank, was changed by the State Banking Law, chapter 24, Laws of 1914. I have read this statute carefully, but I fail to find wherein it has changed the rule laid down in *Eyrich* v. *Capital State Bank*, 67 Miss. 60. Surely no court of equity will ever permit a depositor to go to a failing bank, the condition of which is unknown to him, and borrow money and deposit it with the same bank and the bank then close its doors and he be forced to pay his note at once with eight per cent interest, and take for the money on deposit, the certificate of the State Banking Department at six per cent payable within two years. By such a method he could be ruined. It would be unequitable, unjust and a hardship. 24 R. C. L., pages 799-843, treats the subject of set-off very fully and the statement is made that equity interferes in case of set-off on grounds analagous to those upon which its whole preventive jurisdiction is based; that is, to prevent irremediable injustice. This would most certainly follow here.

HOLDEN, P. J., delivered the opinion of the court.

The main question in this case is: Can a debtor of an insolvent bank offset his debt with his deposit therein, under our State Banking Law? We answer in the affirmative.

The Bank of Centreville, operating under the State Guaranty Deposit Law, became insolvent and was taken over by the state banking department, which proceeded to liquidate it under the banking laws of the state. Appellee, H. L. Lewis, owed the bank eight hundred dollars,

as evidenced by his note, and he also owed about one thousand dollars as an overdraft, according to the books of the bank. Suit was filed by appellant, J. S. Love, representing the state banking department, against appellee, Lewis, on the note for eight hundred dollars and the overdraft for one thousand fifty-five dollars and ninety-four cents. Lewis claimed, and established the fact, as found by the chancellor, that he had a deposit of six hundred twenty-one dollars and forty-two cents in the bank at the time it became insolvent, and he contended that the amount of eight hundred dollars which he owed the bank on the note should be offset by the amount of deposit due him when the bank failed. He also proved to the satisfaction of the chancellor that he was not indebted to the bank in any sum on account of the alleged overdraft.

The appeal presents the question of whether an indebtedness to a bank may be offset by a deposit therein at the time it becomes insolvent. We have decided, after due consideration, that a debtor may offset his debt to the bank with the deposit due him by the bank at the time it becomes insolvent. *Eyrich* v. *Capital State Bank,* 67 Miss. 60, 6 So. 615; *Citizens' Bank* v. *Kretschmar,* 91 Miss. 608, 44 So. 930. This is an old rule, and we find nothing in the banking laws of our state which expressly or impliedly prescribes to the contrary. It may be that the legislature will at some future time amend the banking laws so as to provide one complete scheme which will allow no chance for discrimination between depositors or debtors of insolvent banks, but at the present time we think the law is that, when a bank fails, the deposit therein of a debtor to the bank immediately offsets the debt, that is, one cancels the other, as of that time.

On the other proposition, as to whether the amount of the overdraft claimed by the bank can be shown to be a false charge against the depositor, we think it is competent for a person to show that he is not indebted to the bank on any demand made against him, as in other cases.

The chancellor decided this case upon the theory set out above, and we think he was correct. The decree is affirmed.

*Affirmed.*